IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MOSES CHE HENRIQUES : CIVIL ACTION
:
v. :
:
LANCASTER COUNTY PRISON, et al. : NO. 13-3572

**M E M O R A N D U M**

O'NEILL, J. OCTOBER 3 ,2013

Plaintiff, an inmate, has filed a pro se civil rights action against the Lancaster County Prison, Lancaster County, and his criminal defense attorneys. He is alleging that he did not receive effective legal representation from his criminal defense attorneys. He also appears to be alleging that the conditions at the Lancaster County Prison violated his constitutional rights, and that he did not receive adequate medical treatment at the prison. For the following reasons, this complaint will be dismissed pursuant to 28 U.S.C. § 1915(e), with leave to file an amended complaint.

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981). Therefore, plaintiff's defense attorneys Barry G. Goldman, Andrew S. Cooper and Janice L.M. Longer cannot be sued under § 1983.

Furthermore, the Lancaster County Prison is not a "person"

subject to suit under the civil rights laws. <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271 (E.D. Pa. 1976); <u>see also</u> <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

Therefore, plaintiff shall file an amended complaint within thirty (30) days, in which he: (1) provides more information about the conditions of his confinement at the Lancaster County Prison and his medical treatment; (2) identifies the persons who were involved in his claims; and (3) describes the harm he suffered, if any, from each violation.